UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY S. GRIMES,

                    Plaintiff,

v.                                                                 1:17-CV-0236
                                                                   (GTS/DJS)
COARC; BRUCE DRAKE, Chief Operating Officer;
TANYA RIVERA, Cmty. Serv. Manager;
TONY MERANTE, Day Program Manager; and
ALEX SCHNEIDER, Admin. Dir.,

                      Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

TAMMY S. GRIMES
  Plaintiff, *Pro Se*
9 Hoysradt Lane
Hudson, NY 12534

BOND, SCHOENECK & KING, PLLC                 MEGAN M. COLLELO, ESQ.
  Counsel for Defendants                                MICHAEL D. BILLOK, ESQ.
22 Corporate Woods Blvd., Suite 501
Albany, NY 12211

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* civil rights action filed by Tammy S. Grimes ("Plaintiff") against the above captioned entity and four of its employees ("Defendants"), is Defendants' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 22.) For the reasons set forth below, Defendants' motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, liberally construed, Plaintiff's Complaint alleges that, during the course of her seventeen-year-long employment at NYSARC, Inc., d/b/a COARC (hereinafter "COARC") in Mellenville, New York, Defendants discriminated against her by rejecting her application to work in COARC's Respite Services Program in June of 2015, due to accusations against her by the parents of clients eight years before. (*See generally* Dkt. No. 1 [Plf.'s Compl.].) Plaintiff's Complaint also alleges that Defendants subsequently retaliated against her for attempting to clear the accusations against her, and that they also retaliated against her for responding to COARC's (purportedly) anonymous employee satisfaction surveys by refusing to investigate the incidents of which the parents had complained. (*Id.*)

Based on these factual allegations, and liberally construed, Plaintiff's Complaint asserts the following five claims: (1) a claim that Defendants discriminated against her in violation her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; (2) a claim that Defendants retaliated against her in violation her rights under Title VII; (3) a claim that Defendants violated her right to due process under the Fourteenth Amendment and 42 U.S.C. § 1983; (4) a claim that Defendants violated her right to equal protection of the law under the Fourteenth Amendment and 42 U.S.C. § 1983; and (5) a claim that Defendants retaliated against her in violation of her rights under the First Amendment and 42 U.S.C. § 1983. (*Id.*)

Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties. (*Id.*)

    **B.**    **Parties' Briefing on Defendants' Motion**

        **1.**    **Defendants' Memorandum of Law-in Chief**

Generally, in their memorandum of law-in chief, Defendants assert three arguments: (1) Plaintiff's Title VII claims must be dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), because she failed to exhaust her administrative remedies before filing those claims; (2) in the alternative, Plaintiff's Title VII claims must be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), because (a) Title VII does not provide for liability against the individual Defendants, (b) Plaintiff has failed to plead any of the elements of a claim of discrimination against COARC, (c) Plaintiff has failed to plead any of the elements of a claim of retaliation against COARC; and (3) Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), because (a) Plaintiff has failed to allege facts plausibly suggesting that COARC was either a state actor or acting under the color of state law, or that the individual Defendants were conspiring with a state actor, (b) Plaintiff has failed to plead any of the elements of a due process claim, (c) Plaintiff has failed to plead any of the elements of an equal protection claim, and (d) Plaintiff has failed to plead any of the elements of a retaliation claim. (*See generally* Dkt. No. 23 [Defs.' Memo. of Law].)

        **2.**    **Plaintiff's Opposition Memorandum of Law**

Generally, liberally construed, Plaintiff's opposition memorandum of law asserts five arguments: (1) the pleading standard under Fed. R. Civ. P. 8 is modest; (2) Defendants' motion is merely an attempt to conceal the exposure of the facts alleged by Plaintiff; (3) Plaintiff is indeed a member of a protected class; (4) viewing all of Plaintiff's allegations liberally in a light

most favorable to her, and in conjunction with the documents she has adduced, she has sufficiently pleaded all of the elements of her claims to be entitled to benefit from discovery; and (5) the accusations made against Plaintiff by the parents of COARC's clients were not justified. (*See generally* Dkt. No. 29, Attach. 3 [Plf.'s Opp'n Memo. of Law].)

### 3. Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, Defendants assert the following four arguments: (1) the crux of Plaintiff's response is that the accusations made against her by clients' parents were not justified, which is irrelevant to the pleading deficiencies identified by Defendants; (2) in her opposition memorandum of law, Plaintiff has failed to demonstrate that her Title VII claims fall within any exception to the exhaustion requirement; (3) in her opposition memorandum of law, Plaintiff has failed to demonstrate that she has adequately alleged the elements of her claims under Title VII (and indeed never even identifies the protected class to which she purportedly belongs); and (4) in her opposition memorandum of law, Plaintiff has failed to demonstrate that she has adequately alleged either state action or the elements of her claims under 42 U.S.C. § 1983. (*See generally* Dkt. No. 33 [Defs.' Reply Memo. of Law].)

### 4. Plaintiff's Sur-Reply Memorandum of Law

Generally, liberally construed, Plaintiff's sur-reply memorandum of law (filed with leave of the Court) asserts four arguments (in addition to repeating various of the arguments presented in her opposition memorandum of law): (1) any failure to exhaust her administrative remedies, or adequately plead a claim, should be excused by her *pro se* status; (2) a week before she filed her sur-reply memorandum of law, she was notified by COARC that he inclusion of documents contained on the docket at Dkt. No. 29, Attach. 4 (currently filed under seal), constituted a

breach of the Health Insurance Portability and Accountability Act ("HIPAA") and warrants a warning that future such breaches may result in the termination of her employment; (3) the protected classification to which she belongs is African-American; and (4) before dismissal, she should be afforded the chance to amend her claims to correct any pleading deficiencies in them. (*See generally* Dkt. No. 35 [Plf.'s Sur-Reply Memo. of Law].)

### 5. Defendants' Sur-Sur-Reply Memorandum of Law

Generally, in their sur-sur-reply memorandum of law (also filed with leave of the Court), Defendants assert four arguments: (1) Plaintiff's discussion of COARC's issuing her a warning following her violation of HIPAA requirements is factually unrelated to the allegations in her Complaint and, as such, should not be considered by the Court; (2) Plaintiff should be denied leave to amend her Complaint because (in addition to the procedural defects in that application) any proposed amendment would be futile given that the defects in her claims are substantive and not merely formal; (3) for example, Plaintiff's new allegation of retaliation under Title VII does not fall within any exception to the exhaustion requirement; and (4) moreover, even if the Court were to treat Plaintiff's statement in her brief that she is African-American as incorporated into her Complaint, that statement would not cure the other pleading deficiencies identified by Defendants in her Title VII claim (i.e., that she does not allege she was qualified for the positions she was denied, or that her protected class membership caused the decision to reject her application). (*See generally* Dkt. No. 36 [Defs.' Sur-Sur-Reply Memo. of Law]; Dkt. No. 39 [Defs.' Amended Sur-Sur-Reply Memo. of Law].)

## II.     RELEVANT LEGAL STANDARDS

### A.     Legal Standard Governing Motions to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Generally, a claim may be properly dismissed for lack of subject-matter jurisdiction where a district court lacks constitutional or statutory power to adjudicate it. *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). A district court may look to evidence outside of the pleadings when resolving a motion to dismiss for lack of subject-matter jurisdiction. *Makarova*, 201 F.3d at 113. The plaintiff bears the burden of proving subject-matter jurisdiction by a preponderance of the evidence. *Makarova*, 201 F.3d at 113 (citing *Malik v. Meissner*, 82 F.3d 560, 562 [2d Cir. 1996]). When a court evaluates a motion to dismiss for lack of subject-matter jurisdiction, all ambiguities must be resolved and inferences drawn in favor of the plaintiff. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Makarova*, 201 F.3d at 113).

### B.     Legal Standard Governing Motions to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6)

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 211, nn. 15-16 (N.D.N.Y.2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini*, 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak*, 629 F. Supp.

2d at 213, n.22 (citing Supreme Court and Second Circuit cases); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atl. Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id.* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not

show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[1] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil

---

[1] *See Vega v. Artus*, 610 F. Supp. 2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

rights plaintiffs must follow.² Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp. 2d at 214, n.28 [citations omitted].³

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.⁴

---

　　²　　*See Rosendale v. Brusie*, 374 Fed.Appx. 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega*, 610 F. Supp. 2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak*, 629 F. Supp. 2d at 214 & n.34 (citing Second Circuit cases).

　　³　　It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a pro se pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out in *detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak*, 629 F. Supp. 2d at 214 & n.35 (explaining holding in *Erickson*).

　　⁴　　*See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No.

### C. Legal Standards Governing Plaintiff's Claims

Because Defendants, in their memoranda of law, accurately summarizes the legal standards governing Plaintiff's claims in this action, the Court will not recite, in their entirety, those legal standards in this Decision and Order, which (again) is intended primarily for review by the parties. (*See generally* Dkt. No. 23 [Def.'s Memo. of Law]; Dkt. No. 33 [Def.'s Reply Memo. of Law]; Dkt. No. 36 [Def.'s Sur-Sur-Reply Memo. of Law]; Dkt. No. 39 [Def.'s Amended Sur-Sur-Reply Memo. of Law].)

### III. ANALYSIS

After carefully considering the matter, the Court grants Defendants' motion for the reasons stated in their memoranda of law. *See, supra,* Parts I.B.1., I.B.3. and I.B.5. of this Decision and Order. To those reasons, the Court adds the following five points.

---

10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint . . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint . . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

First, even when construed with the utmost special leniency, Plaintiff's opposition memorandum of law and sur-sur-reply memorandum of law fail to respond to the particular pleading deficiencies asserted by Defendants in their memorandum of law-in chief and reply memorandum of law.  *See, supra,* Part I.B. of this Decision and Order.  In this District, when a non-movant fails to oppose a legal argument asserted by a movant, the movant's burden with regard to that argument is lightened, such that, in order to succeed on that argument, the movant need only show that the argument possess facial merit, which has appropriately been characterized as a "modest" burden.[5]  Here, the Court finds that, at the very least, Defendants have met this modest burden with regard to each of the alternative reasons they offer for the dismissal of Plaintiff's claims.[6]

---

[5] *See Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases); N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause is shown.").

[6] Alternatively, the Court can, and does, deem the challenged claims abandoned (regardless of the facial merit of the unresponded-to argument).  *See Jackson v. Fed. Exp.*, 766 F.3d 189, 197-98 (2d Cir. 2014) ("Where a partial response to a motion is made–i.e., referencing some claims or defenses but not others–a distinction between *pro se* and counseled responses is appropriate. In the case of a *pro se*, the district court should examine every claim or defense with a view to determining whether summary judgment is legally and factually appropriate. In contrast, in the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned. In all cases in which summary judgment is granted, the district court must provide an explanation sufficient to allow appellate review. This explanation should, where appropriate, include a finding of abandonment of undefended claims or defenses.").

Second, *pro se* litigants such as Plaintiff are entitled to special solicitude, which the Court has shown her through, *inter alia*, (1) providing her with a courtesy copy of the District's Local Rules of Practice and *Pro Se* Handbook, (2) extending the deadline for her response to Defendants' motion, (3) construing her Complaint and motion papers with extra special liberality, (4) construing her Complaint as effectively amended by the factual allegations contained in her opposing papers (to the extent those allegations are consistent with the allegations of the Complaint), and (5) permitting Plaintiff to file (without prior leave) a sur-reply memorandum of law. (Dkt. Nos. 4, 28, 35; Text Order filed Oct. 13, 2017.) However, Plaintiff's *pro se* status does not excuse her of her duty to comply with the Court's procedural rules.[7] The Court notes that Local Rule 7.1(b)(3) adequately notified her of her duty to respond to Defendants' arguments.

Third, even if the Court were not to treat Defendants' arguments as unopposed and were to subject those arguments to the more-rigorous scrutiny appropriate for a contested motion, the Court would find that those arguments survive that scrutiny for the reasons stated by Defendants.

Fourth, Plaintiff's allegations about receiving a reprimand a week before her filing of a sur-reply memorandum of law in this action are rejected on the alternative ground that they post-date the filing of her Complaint by some six-and-a-half months. The pleading in which to assert those allegations would have been a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d). In any event, the Court finds such supplemental allegations to be futile, given the cautionary nature of COARC's warning to Plaintiff and the grounds supporting it based on Plaintiff's own allegations (and the documents incorporated by reference in the allegations).

---

[7] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426-27 & n.4 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

Fifth, and finally, ordinarily the Court would grant Plaintiff leave to move to amend her Complaint before dismissing it. However, such leave is not required where the defects in a complaint are substantive rather than merely formal, such that any amendment would not cure them. As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile."). This rule applies even to pro se plaintiffs. *See, e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 103 (2d Cir. 2000); *Brown*, 1997 WL 599355, at *1.

Here, the Court cannot imagine how, under the circumstances, Plaintiff could cure the failure-to-exhaust defect in her Title VII claims which is identified by Defendants above in Part I.B.1. of this Decision and Order.[8] Similarly, even if COARC, which appears to be a Columbia County chapter of the nonprofit organization NYSARC, could somehow be alleged to be a state actor for purposes of a claim under 42 U.S.C. § 1983, it appears to the Court that, under the circumstances, Plaintiff would be unlikely to plead all of the elements of due process claim, all of the elements of an equal protection claim, or all of the elements of a retaliation claim. For

---

[8] In the alternative, the Court finds that Plaintiff could not allege, for purposes of a discrimination claim under Title VII, that she suffered a "tangible" or "materially" adverse employment action. *Burling Indus., Inc., v. Ellerth*, 524 U.S. 742, 761 (1998). "A materially adverse change might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation. *Burling Indus., Inc.*, 524 U.S. at 761. "A bruised ego, a demotion without change in pay, benefits, duties, or prestige, or reassignment to a more inconvenient job are all insufficient to constitute a tangible or materially adverse employment action." *Culleton v. Honeywell Int'l, Inc.*, 257 F. Supp. 3d 333, 342 (E.D.N.Y. 2017).

example, with regard to her due process claim, the Court has difficulty imagining how Plaintiff could allege facts plausibly suggesting that she had a property or liberty interest in her employment. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).[9] With regard to her equal protection claim, the Court has difficulty imagining how Plaintiff could allege facts plausibly suggesting the existence of any similarly situated individuals. Finally, with regard to her retaliation claim, the Court has difficulty imagining how Plaintiff could allege facts plausibly suggesting a casual connection between her protected speech and any adverse action, given that the adverse action allegedly took place before Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

For all of these reasons, the Court dismisses Plaintiff's Complaint.

**ACCORDINGLY,** it is

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 22) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

The Court finds that any appeal from this Decision and Order would not be taken in good faith.

Dated:  March 23, 2018
        Syracuse, NY

        Hon. Glenn T. Suddaby
        Chief U.S. District Judge

---

[9] The Court is mindful of the Second Circuit's statement that "the Constitution must not be trivialized by being dragged into every personnel dispute in state and local government." *Ezekwo v. N.Y.C. Health & Hosp. Corp.*, 940 F.2d 775, 788 (2d Cir. 1991).